**PARKER v ELYRIA AERIE No 431 F O E et**

Ohio Appeals, 9th Dist, Lorain Co

No 819.   Decided May 21, 1937

Stevens & Stevens, Elyria, for appellee.
Stetson & Butler, Elyria, for appellant.

### OPINION

By STEVENS, PJ.

This cause is before this court upon appeal on questions of law.

The petition of the plaintiff filed in the

Court of Common Pleas alleges that the defendant Elyria Aerie No. 431 of the Fraternal Order of Eagles is an unincorporated voluntary association and fraternal benefit society, of which plaintiff is not now and never has been a member; that said society is the owner of certain real estate in the city of Elyria known as No. 316 Broad Street; and that on said premises said defendant owns and occupies a certain building wherein are maintained club rooms and other chambers used in connection with the functioning of said fraternal benefit society.

Plaintiff further alleges that the said building said defendant maintains, controls and operates a certain electrically powered elevator, which runs from the basement to the third floor of said building and is used to carry both passengers and freight; that on February 16, 1932, there was in progress what was called a Tri-Lodge Frolic in defendant's building, and that the three organizations participating therein were the Eagles, Elks and Moose; that plaintiff was and is a member of the Moose Lodge, and as such member had been invited to attend said frolic; that while in said building plaintiff, in attempting to go from the third to the second floor thereof, entered upon said elevator operated and controlled by defendant's employee Lester J. Myers, and that the elevator fell to the basement of said building, as a result of which the plaintiff was injured.

Various specifications of negligence were incorporated in the petition, all of which were submitted to the jury with the exception of the second specification set out in the petition.

The defendant for answer to said petition admitted that it was an unincorporated voluntary association and a fraternal benefit society, and that plaintiff was not and never had been a member thereof; and it denied each and every other allegation of the petition. Said answer then pleaded sole negligence of the plaintiff and contributory negligence of the plaintiff.

The cause was submitted to a jury in the Common Pleas Court, which jury returned a verdict in favor of the plaintiff in the amount of $2,500, upon which verdict judgment was thereafter entered.

There are three assignments of error urged by the defendant:

1. That the court erred in not granting a motion for a new trial and in not granting a motion for judgment on the special finding of facts (to which reference will be hereinafter made).

2. That the court should have directed a verdict for the defendant at the conclusion of the plaintiff's testimony and at the conclusion of all the evidence.

3. That the verdict of the jury is not sustained by the evidence.

Attached to the general verdict were two interrogatories, which, with the answers thereto, are as follows:

"Question No. 1. Was the defendant negligent?

"Answer: Yes.

"Question No. 2. If your answer to question No. 1 is 'Yes,' state of what that negligence consisted.

"Answer: The fact that the Aerie No. 431, Fraternal Order of Eagles, permitted any passengers to ride upon their freight elevator."

It is claimed that the answer to the second interrogatory attached to the verdict is not based upon any of the specifications of negligence set forth in the petition.

With that contention this court is not in accord. We are of the opinion that the answer to interrogatory No. 2 is consistent with the specifications of negligence which were submitted to the jury, and that the court therefore did not err in overruling defendant's motion for a new trial upon the ground of inconsistency between the answers to the interrogatories and the specifications of negligence contained in the petition.

What we have said with reference to the motion for a new trial is equally true as regards the defendant's motion for judgment on the special interrogatories.

We hold that there was sufficient evidence adduced to require the court to submit to the jury the issue of defendant's negligence, and also the question of whether or not Lester Myers, in operating said elevator, was acting as the agent of the defendant and within the scope of his employment, and that therefore no prejudicial error intervened when the court overruled defendant's motion for a directed verdict.

We hold further that the verdict of the jury is not manifestly against the weight of the evidence.

There is one other question urged by defendant in its reply brief, and that has to do with the question of whether or not plaintiff was engaged in a joint enterprise,

so as to preclude his maintaining a tort action against the defendant.

The defense of joint enterprise was not pleaded in the defendant's answer, and there was no application to amend the answer so as to raise such issue; and, while a request to charge thereon was made to the court at the conclusion of the general charge, we find no error in the court's refusal to charge upon that subject.

This conclusion is reached not alone by reason of the fact that no such issue was made by the pleadings, but also by reason of the fact that we are of the opinion that the record herein fails to disclose any evidence of a right of joint control of the elevator in question or of its operation, or of such circumstances as gave each member the right to act for all in respect to the control of agencies employed to execute a common purpose.

The record failing to disclose one of the elements necessary to establish joint enterprise, coupled with the failure to plead that defense or to amend the pleadings in that respect, justified the trial court in refusing to charge upon that subject.

We are of the opinion that no substantial error prejudicial to the rights of the defendant has intervened in the trial of this case; that the case was fairly and fully presented to the jury under a charge which was entirely free from error, and concerning which no complaint is made by the defendant.

The judgment will be affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.